IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMIRO R. URBINA, | : | |
| Plaintiff | : | No. 1:22-cv-01491 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| BUREAU OF PRISONS PHYSICIAN, | : | |
| Defendant | : | |

**MEMORANDUM**

<u>Pro se</u> Plaintiff Ramiro R. Urbina ("Plaintiff"), who is presently incarcerated at Christian County Jail in Ozark, Missouri has commenced the above-captioned action by filing a complaint pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), claiming that the sole Defendant, an unnamed doctor who treated Plaintiff while he was incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"), violated Plaintiff's rights under the Eighth Amendment to the United States Constitution. (Doc. No. 1.) In accordance with the Prison Litigation Reform Act,[1] the Court has conducted an initial review of Plaintiff's complaint. For the reasons set forth below, the Court concludes that Plaintiff's complaint is subject to dismissal due to the applicable statute of limitations. However, before the Court dismisses Plaintiff's complaint, the Court will afford Plaintiff an opportunity to show cause, if there is any, why his complaint should not be dismissed on statute of limitations grounds.

---

[1] <u>See</u> The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

I.    BACKGROUND

On September 9, 2022, Plaintiff filed his complaint in the United States District Court for the Western District of Missouri, Southern Division ("Western District") against the "Doctor who operated on [him] in 2011" ("Defendant") when Plaintiff was incarcerated at USP Lewisburg.  (Doc. No. 1 at 1.)  On September 13, 2022, the Western District transferred Plaintiff's case to the United States District Court for the Middle District of Pennsylvania ("Middle District").  (Doc. No. 3 at 1 (explaining that venue was not proper in the Western District because Defendant did not appear to reside there and because none of the acts complained of in Plaintiff's complaint appeared to have occurred there and, instead, appeared to have occurred in the Middle District).)

After receiving Plaintiff's case, this Court issued a Thirty (30) Day Administrative Order directing Plaintiff to either pay the requisite filing fee or sign and complete a motion to proceed in forma pauperis.  (Doc. No. 6.)  On October 26, 2022, Plaintiff filed a motion to proceed in forma pauperis (Doc. No. 9), as well as his prisoner trust fund account statement (Doc. No. 10).  The Court, having reviewed Plaintiff's motion and account statement, will grant him leave to proceed in forma pauperis and will deem his complaint filed.

In his complaint, Plaintiff alleges that, over ten (10) years ago, when he was incarcerated at USP Lewisburg, Defendant performed an "unauthorized vasectomy" on him.  (Doc. No. 1 at 6.)  Plaintiff alleges that he continues to suffer side effects from that vasectomy.  (Id. at 4 (stating that, "ever since" his surgery, he has been unable "to ejaculate or hold an erection").)  As for relief, Plaintiff requests that the Court order Defendant to "fix the problem he created" (id. at 6) by "revers[ing]" the vasectomy (id. at 5).  Plaintiff also seeks monetary damages from Defendant.  (Id. at 6.)

2

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), district courts are required to review complaints in civil actions where a litigant is proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  If the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, then the district court must dismiss the complaint.  See id.  In dismissing claims under § 1915(e)(2), district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).  To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When evaluating the plausibility of a complaint, the Court is required to "accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint."  See Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010); Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017) (stating that the court "must accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]" (citation and internal quotation marks omitted)).

Additionally, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se "is to be liberally construed."  See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted).

### III.     DISCUSSION

As stated above, Plaintiff has filed his complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), seeking relief for claimed violations of his federally protected rights.  (Doc. No. 1.)  Particularly relevant here, Plaintiff's Bivens claims are governed by Pennsylvania's statute of limitations for personal injury claims.  See Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers, 855 F.2d 1080, 1087 n.3 (3d Cir. 1998) (explaining that, "[b]ecause Congress has not established a federal statute of limitations for Bivens actions, [courts] must look to the most analogous state statute of limitations" and concluding "that the state statute of limitations for personal injury claims" is the most analogous state statute of limitations for such actions); Podlucky v. Comm'r of Internal Revenue, No. 21-2794, 2022 WL 1301391, at *2 (3d Cir. May 2, 2022) (unpublished) (stating that "[c]laims under Bivens are governed by a state's statute of limitations for personal injury claims" (citations omitted)).  And, in Pennsylvania, there is a two (2)-year statute of limitations period for such personal injury claims.  See 42 Pa. Cons. Stat. § 5524.  As such, Plaintiff's Bivens claims are subject to a two (2)-year statute of limitations.

The next question is when Plaintiff's Bivens claims accrued.  "Federal law governs a cause of action's accrual date." Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (citation omitted); Peguero v. Meyer, 520 F. App'x 58, 60 (3d Cir. 2013) (unpublished) (explaining that, "[w]hile state law provides the applicable statute of limitations, federal law controls when a Bivens claim accrues" (citing Wallace v. Kato, 549 U.S. 384, 388 (2007))).  "Under federal law, a cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or should have known of the injury upon which its action is based."  Kach, 589 F.3d at 634 (citations and internal quotation marks omitted).  Thus, "[a]s a general matter, a cause of action

accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." See id. (citation omitted). Additionally, a "cause of action accrues even though the full extent of the injury is not then known or predictable." See id. at 635 (explaining that, "[w]ere it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief" (citation and internal quotation marks omitted)).

Here, the allegations in Plaintiff's complaint reveal that his Bivens claims accrued shortly after Defendant performed the vasectomy on Plaintiff in 2011. (Doc. No. 1 at 4 (stating that, "ever since" his vasectomy, he has had associated side effects, such as an inability "to ejaculate or hold an erection").) Accordingly, because Defendant's alleged conduct occurred over ten (10) years ago, and because there is no allegation in the complaint that any of that alleged conduct occurred during the two (2)-year statutory period for this action, Plaintiff's Bivens claims are untimely.

As a result, Plaintiff's complaint is subject to dismissal since the statute of limitations defense is apparent on the face of his complaint. See Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017) (recognizing that "[t]he running of the statute of limitations is an affirmative defense . . . [and that] [a] complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint" (citation and internal citations omitted)); Lassegue v. United States, No. 22-2475, 2022 WL 16629940, at *3 (3d Cir. Nov. 2, 2022) (unpublished) (explaining that, "[a]lthough the statute of limitations is an affirmative defense, see Fed. R. Civ. P. 8(c), a court may dismiss claims sua sponte if a time-bar is obvious from the face of the complaint and no further development of the record is necessary" (citations omitted)); Whitenight v. Commonwealth of

Pennsylvania State Police, 674 F. App'x. 142, 144 (3d Cir. 2017) (unpublished) (stating that, "[w]hen screening a complaint under § 1915, a district court may sua sponte dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required").[2]

      The next issue is whether Plaintiff should be granted leave to amend his complaint.  Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

---

[2]  Although it does not appear that the United States Court of Appeals for the Third Circuit has addressed, in a precedential opinion, a district court's sua sponte dismissal of a civil complaint under 28 U.S.C. § 1915 based upon a statute of limitations defense, the Court notes that other Circuits have upheld such sua sponte dismissals.  See, e.g., Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655 (4th Cir. 2006) (explaining that a district court may sua sponte consider the statute of limitations when such a defense plainly appears on the face of a complaint filed pursuant to 28 U.S.C. § 1915 (citation omitted)); Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006) (stating that "[a] complaint may be dismissed sua sponte under § 1915 based on an affirmative defense—such as statute of limitations—only when the defense is obvious from the face of the complaint and no further factual record is required to be developed" (citation and internal quotation marks omitted)); Dellis v. Corr. Corp. of Am., 257 F.3d 508, 511 (6th Cir. 2001) (concluding that the district court's sua sponte dismissal of the complaint under 28 U.S.C. § 1915(e)(2) was appropriate where plaintiff's claims were barred by the applicable statute of limitations (citations omitted)); Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999) (recognizing the Fifth Circuit "line of precedent holding that the statute of limitations affirmative defense may be raised sua sponte in civil actions brought by prisoners under 28 U.S.C. § 1915" (citations omitted)); Pino v. Ryan, 49 F.3d 51, 53-54 (2d Cir. 1995) (holding that the district court's sua sponte dismissal of a complaint under 28 U.S.C. § 1915 was appropriate where the statute of limitations defense was apparent on the face of the complaint).

However, the Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]" See id. The Court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted." See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the Court finds that granting Plaintiff leave to amend his Bivens claims would be futile as the time-bar to this action is apparent on the face of his complaint. Thus, Plaintiff's Bivens claims against Defendant are subject to dismissal without leave to amend. See Jones v. Bock, 549 U.S. 199, 215 (2007) (explaining that a complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, "show that relief is barred by the applicable statute of limitations").[3]

However, the Court will afford Plaintiff an opportunity to show cause within fourteen (14) days of the date of the Order accompanying this Memorandum why his complaint should not be dismissed based upon the applicable statute of limitations. If Plaintiff fails to file a response or fails to show cause within the fourteen (14) days, this action may be dismissed. See Lassiter v. City of Philadelphia, 716 F.3d 53, 57 (3d Cir. 2013) (suggesting that a district court

---

[3] To the extent that Plaintiff's complaint could be construed as asserting any state law claims against Defendant, the Court declines to exercise supplemental jurisdiction over such claims, as Plaintiff's federal claim is subject to dismissal without leave to amend. See 28 U.S.C. 1367(c)(3); Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (stating that, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so").

may sua sponte raise a statute of limitations defense "so long as the plaintiff is accorded an opportunity to respond").

IV. **CONCLUSION**

Accordingly, for the foregoing reasons, the Court concludes that Plaintiff's complaint (Doc. No. 1) is subject to dismissal for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). However, Plaintiff will be afforded the opportunity to show cause why this action should not be dismissed based upon the applicable statute of limitations. An appropriate Order follows.